UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMUEL W. DRINKARD,

    Plaintiff,

v.                                        Case No: 5:21-cv-220-JLB-PRL

MARK INCH, SECRETARY FL. D.O.C.,
LIEUTENANT PHILLIPS,
LIEUTENANT JOHN DOE,
SEGEANT A. RODRIGUEZ,
OFFICER SANTIAGO,
OFFICER JOHN DOE, and
NURSE JANE DOE,

    Defendants.
_____/

**DEFENDANT SERGEANT ALFREDO RODRIGUEZ'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

    Comes Now, Defendant Alfredo Rodriguez, (hereinafter referred to as "Sergeant Rodriguez"), by and through his undersigned counsel, and hereby responds to Plaintiff Samuel W. Drinkard's Complaint as follows:

## I. JURISDICTION AND VENUE

1. Admitted this Court has subject matter jurisdiction. Otherwise denied.

2. Admitted for jurisdictional purposes only. Otherwise denied

## II. PARTIES

1. Without knowledge; therefore denied.

2. Without knowledge; therefore denied.

3. Without knowledge; therefore denied.

4. Without knowledge; therefore denied.

5. Admitted to the extent that Sergeant Rodriguez was employed at Lake Correctional Institution; otherwise denied.

6. Without knowledge; therefore denied.

7. Without knowledge; therefore denied.

8. Without knowledge; therefore denied.

9. Denied.

10. Denied.

## III. FACTS

1. Without knowledge; therefore denied.

2. Without knowledge; therefore denied.

3. Without knowledge; therefore denied.

4. Without knowledge; therefore denied.

5. Without knowledge; therefore denied.

6. Without knowledge; therefore denied.

7. Without knowledge; therefore denied.

8. Without knowledge; therefore denied.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Without knowledge; therefore denied.

## V. PREVIOUS LAWSUITS

Without knowledge; therefore denied.

## VI. STATEMENT OF CLAIM

1. Without knowledge; therefore denied.

2. Without knowledge; therefore denied.

3. Without knowledge; therefore denied.

4. Without knowledge; therefore denied.

5. Without knowledge; therefore denied.

6. Without knowledge; therefore denied.

7. Without knowledge; therefore denied.

8. Without knowledge; therefore denied.

9. Without knowledge; therefore denied.

10. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

11. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

12. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

13. Without knowledge; therefore denied.

14. Without knowledge; therefore denied.

15. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

16. Without knowledge; therefore denied.

17. Without knowledge; therefore denied.

18. Without knowledge; therefore denied.

## VII. LEGAL CLAIMS

1. Sergeant Rodriguez restates his responses to all preceding paragraphs as if fully set forth herein.

2. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

3. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

4. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

5. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

6. Without knowledge; therefore denied.

7. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

8. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

## VIII. INJURIES

1. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

2. Without knowledge; therefore denied.

   A) Without knowledge; therefore denied.

   B) Without knowledge; therefore denied.

   C) Without knowledge; therefore denied.

   D) Without knowledge; therefore denied.

   E) Without knowledge; therefore denied.

F) Without knowledge; therefore denied.

G) Without knowledge; therefore denied.

3. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

4. Without knowledge; therefore denied.

5. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

6. Without knowledge; therefore denied.

7. Without knowledge; therefore denied

8. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

9. Denied as to Sergeant Rodriguez; otherwise without knowledge and therefore, denied.

## IX. PRAYER AND RELIEF

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## AFFIRMATIVE DEFENSES

Now having fully answered Plaintiff's Complaint, Sergeant Rodriguez asserts the following as further, separate, and alternate, affirmative defenses to the claims of Plaintiff as follows:

1. As an affirmative defense, Plaintiff's Complaint fails to state a cause of action for which relief can be granted, or alternatively, Plaintiff cannot establish essential claims of the causes of actions asserted in the Complaint.

2. As a further affirmative defense, Sergeant Rodriguez acted in good faith and in accordance with all statutes, rules, and regulations, both state and federal, and in accordance with applicable internal policies, rules, and procedures.

3. As a further affirmative defense, all actions towards Plaintiff were taken in good faith, reasonable and without malice based on facts and circumstances presented.

4. As a further affirmative defense, pursuant to the provisions of §768.81 *Fla. Stat.* and the applicable case law found in *Messmer v. Teacher's Insurance Company*, 597 So.2d 10 (Fla. 5th DCA 1991) and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1992), and subsequent case

law interpreting the same, Sergeant Rodriguez is entitled to have the alleged damages of Plaintiff, if any, apportioned among all persons or entities responsible, such apportionment to be determined by the trier of fact herein. Insofar as Plaintiff has alleged that March Inch, Lieutenant Phillips, Lieutenant John Doe, Officer Santiago, Officer John Doe, and Nurse Jane Doe are responsible for some or all of the damages claimed, Sergeant Rodriguez gives notice that he intends to request that such responsible parties, persons or entities, including Plaintiff, if applicable, be placed on the verdict form in this cause. Discovery is continuing and there may be other persons or entities whose identity is presently unknown, or whose identity is known but their potential responsibility is not yet ascertained, who may be responsible.

5. As a further affirmative defense, Sergeant Rodriguez, in the performance of his duties as an official of the State of Florida, is entitled to qualified immunity from Plaintiffs' claims and from suit. Specifically, any and all actions of Sergeant Rodriguez were undertaken pursuant to discretionary authority and within the course and scope of his employment, were taken in good faith and were not contrary to obligations created by clearly established law. Therefore, Sergeant Rodriguez is entitled to qualified immunity. Moreover, the conduct of Sergeant Rodriguez did not violate any clearly established statutory or constitutional right of which a reasonable person would have known, and based on established law, Sergeant Rodriguez could not have been expected to reasonably know that such actions would violate an alleged constitutional standard as alleged in Plaintiff's Complaint. In addition, Sergeant Rodriguez, was acting in the capacity of his employment and because he did not violate any clearly established laws or rights in carrying out duties, qualified immunity applies.

6. As a further affirmative defense, Sergeant Rodriguez's conduct did not subject Plaintiff to a deprivation of rights, privileges or immunities secured by the United States Constitution or laws of the State of Florida.

7. As a further affirmative defense, Sergeant Rodriguez has not violated clearly established law.

8. As a further affirmative defense, any and all actions of Sergeant Rodriguez were objectively and subjectively reasonable given the totality of circumstances and therefore comport with the Eighth Amendment of the United States Constitution.

9. As a further affirmative defense, the conduct of Sergeant Rodriguez did not go beyond all possible bounds of decency and cannot be regarded as shocking, atrocious, and utterly intolerable under the totality of the circumstances.

10. As a further affirmative defense, Sergeant Rodriguez cannot be held liable for any actions involving Plaintiff in which he (Sergeant Rodriguez) did not directly participate.

11. As a further affirmative defense, the conduct of Sergeant Rodriguez was not the proximate cause of any alleged injury to Plaintiff, which were the consequences of his own conduct.

12. As a further affirmative defense, Plaintiff's claims for equitable or injunctive relief, if any, are also barred, in whole or in part, because he did not suffer a violation of a federal right.

13. As a further affirmative defense, to the extent any claims asserted by Plaintiff are in essence claims based in negligence, liability, if any, is limited in accordance with the provisions of Florida's limited waiver of sovereign immunity as provided in §768.28, Florida

Statutes. Further, §768.28 (5), Florida Statutes, provides that neither the state nor its agencies or subdivisions are liable to pay a claim or judgment which exceeds $200,000 per claim.

14. As a further affirmative defense, Sergeant Rodriguez appropriately accommodated any of Plaintiff's reasonable requests or need for accommodation, if any, as required by law. To the extent Plaintiff requested accommodations that were unreasonable, such requests were not required to be accommodated.

15. As a further affirmative defense, any recovery by Plaintiff in this action must be reduced by the value of all benefits received by Plaintiff from collateral sources.

16. As a further affirmative defense, any damages suffered by Plaintiffs is the result of superseding, independent or intervening causes over which Sergeant Rodriguez had no control and for which he is not responsible.

17. As a further affirmative defense, Plaintiff failed to mitigate his damages.

18. As a further affirmative defense, Mr. Drinkard's claims may be barred by the Prison Litigation Reform Act and Plaintiff may have failed to meet the conditions precedent to bringing certain claims in this action.

19. As a further affirmative defense, Plaintiff's claims are barred by the doctrines of estoppel, judicial estoppel, waiver, and unclean hands. Moreover, Mr. Drinkard's own acts or omissions bar the claims asserted.

20. As a further affirmative defense, to the extent Plaintiff's claimed damages were caused by an unforeseeable, superseding and/or intervening act over which Sergeant Rodriguez had no control, Sgt. Rodriguez is not liable for such damages.

21. As a further affirmative defense, any injury or damages claimed by the Plaintiff are a result of a pre-existing injury or condition and not caused by the incident which is the subject of the Complaint. Any damages recoverable by the Plaintiff herein should be limited to the aggravation of injury caused by Sergeant Rodriguez, if any, or if no aggravation exists, no recovery should be had.

22. As a further affirmative defense, Plaintiff failed to comply with the conditions precedent to maintaining this lawsuit.

23. As a further affirmative defense, Sergeant Rodriguez is not liable or punitive damages because he did not commit or take any action with malice, fraud, wantonness, oppression or entire want of care which would raise the presumption of conscious indifference to the consequences to the rights of Plaintiff by clear and convincing evidence. Moreover, any claim for an award of punitive damages that violates the Constitution of the United States and the Constitution for the State of Florida should be stricken.

24. As a further affirmative defense, while Sergeant Rodriguez denies all liability, alternatively, he asserts Plaintiff's claims of injury was caused solely or partially by the negligence, indifference, or intentional acts of persons or entities other than Sergeant Rodriguez.

25. As a further affirmative defense, the conduct of Sergeant Rodriguez was not the proximate cause of any injury to Plaintiff. The circumstances and events leading to injury of Plaintiff were not foreseeable and were consequences of the conduct of Plaintiff, and/or others. The conduct of Plaintiff and others constituted an independent, superseding and intervening cause of Plaintiff's alleged damages.

26. As a further affirmative defense, the claims against Sergeant Rodriguez do not rise to the level of deliberate indifference to the needs of Plaintiff or to the level of cruel and unusual punishment to constitute a violation of the Eighth Amendment.

27. As a further affirmative defense, Plaintiff's constitutional rights were not violated and thus Plaintiff cannot demonstrate that Sergeant Rodriguez had a customer policy that constituted deliberate indifference to his constitutional right; that the policy or custom caused the alleged violation, and that the alleged customer policy was the "moving force" behind the claimed the constitutional deprivation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978); *McDowell v Brown*, 392 F.3d 1283 (11th Cir. 2004).

28. As a further affirmative defense, as to any non-constitutional claim, pursuant to §768.28(9)(a), *Florida Statutes*, Sergeant Rodriguez is immune from suit since the alleged acts causing the alleged harm are not outside the course and scope of his employment, and were not committed in bad faith, with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

29. As a further affirmative defense, Sergeant Rodriguez is entitled to the limitations of liability contained within Florida and Federal law including but not limited to 42 U.S.C. 1981. Any verdict or judgment against Sergeant Rodriguez should be limited accordingly.

30. As a further affirmative defense, the claims against Sergeant Rodriguez should be barred based upon the principle of any or all of the Defendants' qualified immunity as their actions were part of their discretionary authority, did not violate clearly established statutory or constitutional rights that a reasonable person would have known, nor were said actions deliberately indifferent to the needs of Plaintiff.

31. As a further affirmative defense, to the extent that Plaintiff's asserted claims under multiple, alternative theories of liability against Sergeant Rodriguez to seek to recover duplicate of damages, said claims are improper and should be disallowed.

32. As a further affirmative defense, Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. §1997e, to which he was subject by virtue of his status as a prisoner incarcerated in prison at the time, he brought this action for alleged violation of constitutional rights. Also, Plaintiff is barred under 42 U.S.C. §1997e from raising any claims that were not administratively exhausted in the timeframe required by the statute.

33. As a further affirmative defense, Plaintiff's claims are barred by sovereign immunity and/or the 11th Amendment.

34. As a further affirmative defense, Plaintiff's Complaint exceeds the scope of his administrative charge or claim.

35. As a further affirmative defense, Sergeant Rodriguez is entitled to a set-off for any amounts received or to be received from any collateral source.

## DEMAND FOR JURY TRIAL

Sergeant Alfredo Rodriguez demands trial by jury on all issues so triable in Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on this **2nd** day of **June 2022** a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the U.S. District Court for the Middle District of Florida by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

BUCHANAN & BUCHANAN, P.A.
Attorney for Defendant Sergeant A. Rodriguez
1900 SE 18th Avenue, Suite 300
Ocala, Florida 34471
Tel:   (352) 629-4099
Fax:   (352) 629-3975
Email: rbuchanan@rbtrial.com

By:   /s/ Robert B. Buchanan
        Robert B. Buchanan
        Florida Bar No. 063400