UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMUEL W. DRINKARD,

    Plaintiff,

v().                                 Case No: 5:21-cv-220-JLB-PRL

MARK INCH, SECRETARY FL. D.O.C.,
LIEUTENANT PHILLIPS,
LIEUTENANT JOHN DOE,
SEGEANT A. RODRIGUEZ,
OFFICER SANTIAGO,
OFFICER JOHN DOE, and
NURSE JANE DOE,

    Defendants.
_____/

**DEFENDANT LIEUTENANT NATHAN PHILLIPS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE WITH SUPPORTING MEMORANDUM OF LAW**

    Defendant Lieutenant Nathan Phillips (hereinafter referred to as "Lieutenant Phillips") by and through his undersigned counsel, hereby moves this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), §768.28(9)(a), and Fla. R. Civ. Pro. 1.110(b) for failure to state a cause of action against Lieutenant Phillips upon which relief can be granted. Further, Lieutenant Phillips moves to strike Plaintiff's claim for punitive damages which is strictly prohibited by §768.28(5).

1. The case arises out of an alleged assault on Plaintiff by five employees of Lake Correctional Institution (hereinafter referred to as "Lake C.I.") on January 29, 2019.

2. Plaintiff Samuel Drinkard, DC#13683, pro se, (hereinafter referred to as "Drinkard"

or "Plaintiff"), was and is an inmate in the custody of the Florida Department of Corrections (hereinafter referred to as "DOC").

3. At all times material, Lieutenant Phillips was an employee of DOC, employed at Lake C.I. in or around January 29, 2019. At all times material, he acted within the course and scope of his employment and under the color of state law. (See Plaintiff's Complaint Section II, ☐☐ 3, 9).

4. Plaintiff alleged that on January 29, 2019, he was "physically beaten and verbally assaulted by [f]ive (5) Correctional Officers while fully restrained in handcuffs and shackles without need or provocation" in the Mental Health Unit at Lake C.I. (See Plaintiff's Complaint Section III, ☐☐ 1 – 2).

5. Amongst other claimed damages, Plaintiff seeks $75,000 in punitive damages against each Defendant. (See Plaintiff's Complaint Section IX, ☐☐1 - 6).

6. The Eleventh Amendment insulates a state from being sued in federal court without the state's consent and extends to actions against state officers acting in their official capacities. At all times material, Lieutenant Phillips was an employee of the state of Florida, acting in the course and scope of his employment and under color of state law. (See Plaintiff's Complaint Section II, ☐☐ 3, 9). Therefore, Plaintiff's Complaint is barred by the 11th Amendment to the United States Constitution.

7. Plaintiff's Complaint fails to apportion into separate counts those allegations directed to specific Defendants. Those claims attributable to each Defendant should be pled in separate counts pursuant to Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 10(b).

8. Plaintiff's Complaint fails to properly plead the essential elements of an Eighth Amendment deliberate indifference claim.

9. Plaintiff's Complaint contains no allegation of compliance with the notice provision of §768.28(6)(a), which is mandatory before suit may be filed against the State.

10. Plaintiff's Complaint includes a demand for punitive damages which is strictly prohibited by 768.28(5).

## Memorandum of Law

### A. Standard of Review

In considering a motion to dismiss, the court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Inc. Corp*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 1289 (11th Cir. 1999)). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).

A complaint must allege facts and reasonable inferences that "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). This plausibility must be greater

than a mere possibility but less than a probability. *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" cannot survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## B. Federal Claims[1]

Plaintiff's Complaint fails to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6) as Lieutenant Phillips is entitled to 11th Amendment immunity. Additionally, Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 10(b), and fails to meet the essential elements of a claim for deliberate indifference.

### I. Plaintiff's Complaint is barred by Eleventh Amendment Immunity

Plaintiff's Complaint asserts claims for an alleged Eighth Amendment violation, intentional infliction of emotional distress, a declaratory judgment and injunctive relief. Each such claim is barred by Eleventh Amendment immunity.

The Eleventh Amendment of the United States Constitution insulates a state from being sued in federal court without the state's consent. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003); *Williams v. Dist. Bd. of Trustees of Edison Comm. College*, 421 F.3d 1190, 1192 (11th Cir. 2005); *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept.*

---

[1] Federal claims and state claims have been separated for ease of reference

*of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000). Although the state of Florida has waived its sovereign immunity for certain tort claims pursuant to §768.28, *Florida Statutes*, the state did not "waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution…"*See* §768.28(18), *Fla. Stat.*; see also *See Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990). Plaintiff cannot demonstrate that the state has waived its sovereign immunity and consented to be sued in federal court for his tort claims.

Eleventh Amendment immunity extends to lawsuits against state officers acting in their official capacities. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) *see Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (holding that pursuant to Eleventh Amendment immunity, the secretary of the FDC was immune from suit in his official capacity).

Plaintiff sued Lieutenant Phillips in his official capacity yet admitted Lieutenant Phillips is and was employed as a Lieutenant at Lake C.I., acted under color of state law, and his acts were carried out during the performance of his official duties. (See Plaintiff's Complaint Section II, ☐☐ 3, 9). By Plaintiff's own admission, Lieutenant Phillips is an agent of the state of Florida acting under color of state law and is authorized by the state of Florida to engage in the daily activities of his position as a corrections officer. Thus, Lieutenant Phillips is entitled to 11th Amendment immunity from suit in federal court and Plaintiff's Complaint must be dismissed.

    **II.**     **Plaintiff's Complaint failed to comply with Fed. R. Civ. P. 8(a)(2) and**

**Fed. R. Civ. P. 10(b)**

Plaintiff's Complaint should be dismissed for failure to state a claim showing that he is entitled to relief. According to Rule 8(a)(2), "[a] pleading that states a claim for relief must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further states that each claim must be "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

In practice, the Middle District of Florida has held

> [a]lthough a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement. By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [ ] Complaint fails to satisfy the minimum standard of Rule 8.

*Fifth Third Bank v. Barkauskas*, 2:12-CV-577-FTM-SPC, 2012 WL 5507831, at *1 (M.D. Fla. Nov. 14, 2012) (citations omitted).

Furthermore, the Court found Rule 10(b) "require[d] that all averments of the claim shall be included in separate paragraphs." *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1163 (M.D. Fla. 1996). Since "Plaintiff's Complaint makes general allegations against all of the named defendants [and] [t]he complaint fails to separate each alleged act by each defendant into individually numbered paragraphs, [i]t is virtually impossible to ascertain from the Complaint which defendant committed which alleged act." *Id.* at 1164.

A complaint must "give the defendant fair notice of what the… claim is and the grounds upon which it rests," and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action…" *Twombly* at 555.

In the instant case, Plaintiff's Complaint impermissibly lumps Lieutenant Phillips in with either all other Defendants or some other Defendants, effectively providing little or

no factual basis to distinguish their conduct and making it virtually impossible to ascertain from the Complaint which Defendant is alleged to have committed which acts and which Defendant is purportedly responsible for which injuries allegedly sustained by Plaintiff. The Complaint therefore fails to give Lieutenant Phillips fair notice of what the claim is and the grounds upon which it rests. Therefore, Plaintiff's Complaint fails to satisfy Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure and should be dismissed.

### III. Plaintiff's Complaint fails to state a claim upon which relief may be granted and fails to plead essential elements of Eighth Amendment deliberate indifference

Plaintiff alleged a violation of the Eighth Amendment in the form of a claim for deliberate indifference. Plaintiff's Complaint failed to meet the essential elements of such a claim.

Eighth Amendment deliberate indifference requires a showing that a prison official consciously refused to prevent the alleged harm, and a plaintiff must demonstrate that the prison official possessed both knowledge of the danger and the means to cure it, yet failed to do so. Here, there are no allegations that Lieutenant Phillips consciously refused to prevent the alleged harm against Plaintiff, or that he possessed both knowledge of the danger and the means to cure it, yet failed to do so.

Additionally, §1983 claims of deliberate indifference focus on whether the official's acts or omissions were the cause, not merely a contributing factor, of the constitutional deprivation. *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). Here, Plaintiff alleged that five out of seven Defendants, all DOC employees at Lake CI,

were involved in the alleged January 29, 2019 incident but failed to allege that any one Defendant's actions or omissions were the actual cause of Plaintiff's alleged constitutional deprivation and not merely a contributing factor.

Based on the foregoing authorities, Plaintiff failed to state a legally cognizable cause of action against Lieutenant Phillips for Eighth Amendment liability and his claims should be dismissed with prejudice.

### C. State Claims

In addition to Plaintiff's failure to state a claim in his federal causes of action as detailed above, he also failed to state a claim under Florida Rules of Civil Procedure 1.110; Plaintiff's Complaint is barred by §768.28, *Fla. Stat.* which prohibits bringing suit against officers or employees of the state of Florida in their individual capacities.

### I.   This Court has jurisdiction over pendent state law claims for purposes of dismissal

Under the concept of pendent jurisdiction, a federal court may hear and decide state law claims over which it ordinarily has no subject matter jurisdiction if the state claims arise from a common nucleus of operative fact with a federal claim over which that court does have jurisdiction. *Andujar v. National Property and Ca. Underwriters*, 659 So.2d 1214, 1217 (Fla. 4th DCA 1995); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Andujar v. National Property and Ca. Underwriters*, at 1218, quoting *United Mine*

*Workers.* Additionally, 28 U.S.C. §1367(a) states, in relevant part, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…"

Here, Plaintiff's Complaint invokes supplemental jurisdiction over state law claims, alleging that this Court "has supplemental jurisdiction over Plaintiff's state law tort claims under 28 U.S.C. §1367" and that his claim for "intentional infliction of mental, emotional and psychological distress is a violation of the state tort law of Florida." (See Plaintiff's Complaint Section I, ☐1 and Section VII, ☐5). Clearly, Plaintiff's state law claims arise from a common nucleus of operative fact with a federal claim as each of Plaintiff's claims are related to and arise from one event, which allegedly occurred on January 29, 2019. Thus, under the provisions of 28 U.S.C. §1367(a) and the authority of *Andujar v. National Property and Ca. Underwriters* and *United Mine Workers v. Gibbs,* this Court has jurisdiction to dismiss Plaintiff's state claims, which are barred by §768.28(6)(a) and §768.28(9)(a).

**II.     Plaintiff's Complaint is barred by Florida Statute §768.28(9)(a)**

Plaintiff's state law claims are barred pursuant to §768.28(9)(a), which provides, in relevant part:

> An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose

> or in a manner exhibiting wanton and willful disregard of human rights, safety, or property….The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers is by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

By Plaintiff's own admission, Lieutenant Phillips was an employee of DOC, employed at Lake C.I., acting within the course and scope of his employment and under the color of state law. (See Plaintiff's Complaint Section II, ¶¶ 3, 9). Plaintiff sued Lieutenant Phillips in his individual capacity, in violation of §768.28(9)(a)'s prohibition on officers, employees, or agents of the state being held personally liable in tort or named as a defendant in any action for damages suffered as a result of any act, event, or omission in the scope of her or his employment.

"Sovereign immunity generally is an affirmative defense that may justify granting a motion to dismiss only when the complaint itself conclusively establishes its applicability." *Peak v. Outward Bound, Inc.,* 57 So.3d 997 (Fla. 2nd DCA 2011), quoting *Sierra v. Associated Marine Insts., Inc.,* 850 So.2d 582, 590 (Fla. 2d DCA 2003). Here, the Plaintiff admits that Lieutenant Phillips was acting within the course and scope of his employment with the State of Florida and under the color of state law, yet brought suit against Lieutenant Phillips in his individual capacity in violation of §768.28(9)(a). (See Plaintiff's Complaint Section II, ¶¶ 3, 9). Plaintiff's sole remedy is "action against the governmental entity, or the head of such entity in her or his official capacity, or the

constitutional officer of which the officer, employee, or agent is an employee." §768.28(9)(a), *Fla. Stat.* As such, Plaintiff has included Mark Inch, Secretary of DOC, in his official capacity, as a Defendant in this action and cannot also include Lieutenant Phillips individually as a Defendant to this action. Therefore, Plaintiff's claims against Lieutenant Phillips individually cannot stand and must be dismissed.

### III.     Plaintiff failed to comply with the notice requirements of 768.28(6)

Plaintiff's Complaint contains no allegation of compliance with the notice provision of §768.28(6)(a). Specifically, a civil tort claim may be presented to the State of Florida for an initial administrative determination and settlement before such a claim may be brought to court. Section 786.28(6), Fla. Stat., states, in relevant part:

> (a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency…and presents such claim in writing to the Department of Financial Services, within three years after such claim accrues and the Department of Financial Services or the appropriate agency denied the claim in writing…
>
> (b) For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not effect the date of which the cause of action accrued.

Providing the Division of Financial Services with the notice of the claim is a condition precedent to maintaining a cause of action against a subdivision of state government. *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010 (Fla. 1979); *Wright v. Polk County Public Health Unit*, 601 So.2d. 1318 (Fla. 2d DCA 1992); *Patel v. School Bd.*

*Of Volusia County*, 813 So.2d 135 (Fla. 5th DCA 2002); see also, *Metropolitan Dade County v. Lopez*, 889 So.2d 146 (Fla. 3rd DCA 2004). A plaintiff must plead compliance with the statute, although a general averment will suffice. *Motor v. Citrus County School Board,* 856 So.2d 1054 (Fla 5th DCA 2003). As Plaintiff's Complaint contains no such notice to the Court that compliance was made, it should be dismissed.

## Motion to Strike

Fed. R. Civ. Pro 12(f) provides a party may move to strike redundant, immaterial, impertinent or scandalous matter from any pleading at any time.  Here, Plaintiff's Complaint seeks punitive damages which are strictly prohibited by §768.28(5). Plaintiff's claims for punitive damages should therefore be struck in their entirety.

WHEREFORE, Defendant Lieutenant Phillips respectfully requests the Court to dismiss Plaintiff's Complaint and strike Plaintiff's claims for punitive damages and order any and all other further relief deemed just and necessary.

## CERTIFICATE OF SERVICE

I hereby certify that on this **2nd** day of **June 2022** a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the U.S. District Court for the Middle District of Florida by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> BUCHANAN & BUCHANAN, P.A.
> Attorney for Defendant Lieutenant Phillips
> 1900 SE 18th Avenue, Suite 300
> Ocala, Florida 34471
> Tel:   (352) 629-4099

        Fax:   (352) 629-3975
        Email: rbuchanan@rbtrial.com

        By:  /s/ Robert B. Buchanan
            Robert B. Buchanan
            Florida Bar No. 063400