FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

2022 OCT 31  PM 1: 58

CLERK, US DISTRICT COUR
MIDDLE DISTRICT OF FL
OCALA FLORIDA

SAMUEL W. DRINKARD
    Plaintiff, pro se,

v.

MARK INCH, SECRETARY, FL. D.O.C.,
LIEUTENANT NATHAN PHILLIPS,
SERGEANT ALFREDO RODRIGUEZ,
OFFICER DAVID SANTIAGO,
LIEUTENANT JOHN DOE,
OFFICER JOHN DOE,
NURSE JANE DOE,
    Defendant(s).

_____/

Case No: 5:21-CV-220-JLB-PRL

Provided to Suwannee
Correctional Institution on:

OCT 2 6 2022

for mailing, by: CMQ

**PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT, DEMAND**
**FOR JURY TRIAL, INJUNCTIVE +  DECLARATORY**
**RELIEF PURSUANT TO 42 U.S.C. § 1983**

### I. JURISDICTION + VENUE

1.) This is a Civil Action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of State law, of rights secured by the U.S. Constitution. This Court has jurisdiction under 28 U.S.C. §1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §2283, 2289, and Rule 65 of the Fed.R.Civ.P. This Court has supplemental jurisdiction over Plaintiff's State Tort Law claims under 28 U.S.C. §1367.

2.) The Middle District of Florida, Ocala Division, is an appropriate venue under 28 U.S.C. §1391(b)(2) because it is where the events giving rise to these claims occurred.

1

## II. PARTIES

1.) At all times mentioned herein, Plaintiff Samuel W. Drinkard is and was a prisoner of the Florida Department of Corrections (FL. D.O.C.) and is currently housed at Suwannee Corrrectional Institution.

2.) At all times mentioned herein, Defendant Secretary Mark Inch was employed by FL. D.O.C. as Secretary of FL. D.O.C. Pursuant to Fed.R.Civ.P. 25(d) Ricky D. Dixon is automatically substituted in this action for former Secretary Mark Inch. Ricky Dixon was appointed Secretary in November of 2021. He is being sued in his official and individual capacity.

3.) At all times mentioned herein, Defendant Lieutenant Nathan Phillips is and was employed as a Lieutenant at Lake Correctional Institution (Lake C.I.). He is being sued in his official and individual capacity.

4.) At all times mentioned herein, Defendant Sergeant Alfredo Rodriguez is and was employed as a Sergeant at Lake C.I. He is being sued in his official and individual capacity.

5.) At all times mentioned herein, Defendant Officer David Santiago is and was employed as a Correctional Officer at Lake C.I. He is being sued in his official and individual capacity.

6.) At all times mentioned herein, Lieutenant John Doe is and was employed as a Lieutenant at Lake C.I. He is being sued in his official and individual capacity.

7.) At all times mentioned herein, Defendant Officer John Doe is and was employed as a Correctional Officer at Lake C.I. He is being sued in his official and individual capacity.

8.) At all times mentioned herein, Defendant Nurse Jane Doe is and was employed as a Contract Agency Nurse at Lake C.I. in the Mental Health Unit. She is being sued in her official and individual capacity.

9.) At all times mentioned herein, each of the above-named Defendants acted under color of State law and knew the wrongful acts perpetrated by them were illegal and were carried out in violation of the 8th Amendment of the United States Constitution during the performance of their official duties.

### III. STATEMENT OF FACTS
### CAUSE OF ACTION
### CLAIM #1

### 1.) MISUSE OF EXCESSIVE FORCE, CRUEL AND UNUSUAL PUNISHMENT

A.) On January 29th, 2019, Plaintiff was physically beaten and verbally assaulted by the Defendants Lieutenant Nathan Phillips, Sergeant Alfredo Rodriguez, Officer David Santiago, Officer John Doe, and Lieutenant John Doe in violation of the 8th Amendment's protection clause of the United States Constitution prohibiting cruel and unusual punishment and excessive use of force. Plaintiff was fully restrained in handcuffs and shackles and was beaten without need or provocation, maliciously and sadistically with the sole intent to cause the unnecessary and wanton infliction of pain offending contempory standards of decency of a maturing society, and not in a good faith effort to maintain discipline nor for any other penological reason.

B.) This incident took place between 3 pm – 4 pm, in the Mental Health Unit of Lake C.I. in the 2nd floor treatment room where there are no cameras to record illegal activities.

C.) This incident follows a prior incident that was captured on video and posted on YouTube of a similar beating at Lake C.I.

## IV. STATEMENT OF FACTS
## CAUSE OF ACTION
## CLAIM #2

## 1.) DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
##    AND MEDICAL NEGLIGENCE

A.) After this beating, Defendant Nurse Jane Doe failed in her sworn duties to administer adequate medical treatment which constitutes medical negligence and deliberate indifference in violation of the United States Constitution's 8th Amendment protection against cruel and unusual punishment. Defendant Nurse Jane Doe also falsified official medical documents to make it appear Plaintiff had no injuries, where in fact Plaintiff had a broken rib confirmed by X-Ray, possible fractures to the ocular bone or orbital floor in his right eye, a 1 ½ inch gash/laceration above his left eye, a busted lip, severe bruising and abraisions to both knees, and severe pain in his testicles and abraisions on the inside of his thighs from the kick to his testicles by Defendant Officer David Santiago.

B.) After Defendant Nurse Jane Doe cleaned the blood off of Plaintiff's face and put a simple band-aid over the gash, which needed stiches, above Plaintiff's left eye, he was sent back to his cell with no pain meds nor even an ice pack for the severe pain and swelling that was readily apparent to any lay person. In fact, no medical treatment at all was given to Plaintiff for his serious medical needs, which constitutes medical negligence and deliberate indifference in violation of the United States Constitution's 8th Amendment right to protection against cruel and unusual punishment.

C.) Plaintiff was seen the next morning by his Psychiatrist Dr. Lechin (Plaintiff was in fact on self-harm observation status (SHOS) during this whole incident) and her first words to him were, "Oh my God! What happened?", and her expression was one of shock, so the damage and injuries she was looking at apparently "shocked the conscience". After our session which centered on the beating I received without need or provocation at the hands of the 5 Correctional Officer Defendants, she told me she was going to write an incident report, and scheduled Plaintiff to see the Medical Doctor for his serious injuries.

D.) A couple days after the beating, Plaintiff was given X-Rays of his ribs and face which confirmed a broken rib and possible fractures around his right eye.

E.) Plaintiff was transferred to Dade C.I. on Friday February 8th, 2019, whereupon arrival there, Plaintiff's still visible injuries were photographed and Plaintiff wrote a sworn statement regarding his injuries and stated that he was beaten by 5 Correctional Officers (the Defendants) at Lake C.I.

## V. STATEMENT OF CLAIM
### CAUSE OF ACTION
### CLAIM FOR RELIEF
### STATE TORT LAW VIOLATION
### CLAIM #1

A.) The wrongful acts and omissions of Defendants Lieutenant Nathan Phillips, Sergeant Alfredo Rodriguez, Officer David Santiago, Officer John Doe, and Lieutenant John Doe in physically punching and kicking Plaintiff without need or provocation, in a malicious and sadistic manner with the specific intent to cause harm is a violation of the Tort law Assault + Battery.

5

## VI. STATEMENT OF CLAIM
## CAUSE OF ACTION
## CLAIM FOR RELIEF
## STATE TORT LAW VIOLATION
## CLAIM #2

A.) The failure of Defendants Lieutenant Nathan Phillips, Sergeant Alfredo Rodriguez, Officer David Santiago, Officer John Doe, and Lieutenant John Doe to prevent the unnecessary and wanton infliction of pain by the wrongful acts perpetrated by them constitutes the State Tort law violation of intentional infliction of mental and emotional stress. Defendants knew their acts were illegal, yet they acted with reckless disregard to the standards of a maturing society in physically and mentally abusing Plaintiff for no other penological reason other than to inflict pain, and mental and emotional trauma.

## VII. STATEMENT OF CLAIM
## CAUSE OF ACTION
## CLAIM FOR RELIEF
## STATE TORT LAW VIOLATION
## CLAIM #3

1.) The deliberate failure of Defendants Lieutenant Nathan Phillips, Lieutenant John Doe, Sergeant Alfredo Rodriguez, and Defendant Secretary Mark Inch to prevent the misuse of excessive force perpetrated by Nathan Phillips, Alfredo Rodriguez, David Santiago, Lieutenant John Doe, and Officer John Doe constitutes the State Tort law violation of Negligence.

6

2.) Defendant Mark Inch, as a supervisor above all the other Defendants has a duty to train employees in safely defusing any given situation without the use of force when it is unnecessary. Defendant Mark Inch, as Secretary of FL. D.O.C. knows of the widespread history of staff abuse throughout F.L. D.O.C. yet has done nothing to eliminate this pattern of illegal behavior. Mark Inch as Secretary of F.L. D.O.C. has knowledge of the countless grievances filed in regard to staff abuse yet has done nothing to correct or eliminate this type of conduct in F.L. D.O.C., and is thus guilty of negligence and deliberate indifference also in violation of the 8th Amendment of the United States Constitution's right to protection against cruel and unusual punishment.

## VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

On February 11th, 2019, Plaintiff filed an Emergency Grievance to the Secretary of F.L. D.O.C, and received a response dated February 22, 2019 stating the issue was turned over to the Inspector General thus satisfying the requirements under 42 U.S.C. §1997e(a) of the P.L.R.A. (See attached, Exhibit A) *Already on record.*

Pursuant to and in accordance with the provisions and requirements of section 768.28(6)(a + b), Plaintiff hereby avers that he gave notice to the Florida Department of Financial Services, Division of Risk Management, of his intent to file suit. Plaintiff does not have a copy of that notice, but solemnly avers that notice was given at least 90 days prior to filing this suit. Thus, Plaintiff hereby pleads compliance with the statute although a general averment will suffice. (See *Motor v. Citrus Co. School Board*, 856 So.2d 1054 (Fla. 5th DCA 2003).

7

## IX. PREVIOUS LAWSUITS

Plaintiff has not initiated any other lawsuits in State or Federal Court involving any of the claims in the instant complaint, nor are any appeals to lawsuits pending in any State or Federal Court.

## X. STATEMENT OF FACTS
## CAUSES FOR ACTION
## GROUNDS UPON WHICH RELIEF CAN BE GRANTED

1.) On January 29th, 2019, while housed in cell H5204 of the Menatal Health Unit at Lake C.I., between 3pm – 4pm, the Warden and other administrative staff were conducting an inspection of the cells and unit. When they approached Plaintiff's cell, H5204, the Major ordered Plaintiff's SHOS blanket and mattress replaced. At this time Plaintiff began eating paint flakes and caulking which he had peeled from the walls + windows because he knew he was going to have to come out of his cell and he was scared and apprehensive, and trying to avoid any contact with staff as Plaintiff had just been "gassed" or sprayed with chemical agents 2 days prior to this.

2.) Whereupon Plaintiff refused to "cuff up" until a Mental Health Counselor came to his cell and made Plaintiff believe the lie, that he would be safe.

3.) Plaintiff then submitted to handcuff procedures and shackles. Plaintiff was dressed only in a mental health "shroud", or "modestly garment". Plaintiff was then taken to the 2nd floor medical treatment room to be accessed by Medical Staff due to him ingesting the paint and caulking. During the trip to the 2nd floor treatment room, Plaintiff was looking around for fixed position cameras, which he demanded footage from to be preserved in his grievance. (See Exhibit A). Plaintiff requested this footage not only as proof he was uninjured prior to entering the treatment room, but also for identification purposes. Upon information, belief, and visual personal experience and knowledge, it is

8

a common practice or pattern for D.O.C. staff to remove their velcro name tags to avoid being identified, as is the case here.

## A.) INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS
### GROUNDS FOR RELIEF
### CLAIM #1

4.) Upon arrival at the 2nd floor treatment room, there were five (5) officers present which caused Plaintiff to experience extreme anxiety and paranoia, knowing there were no cameras in the treatment room to deter the officers from engaging in illegal use of force. Once inside the treatment room, Plaintiff was ordered to submit to a strip search. Whereupon Defendant Officer John Doe removed Plaintiff's handcuffs, but left the shackles on. Plaintiff then removed his shroud, and Defendant Officer David Santiago performed the strip search, and upon its completion, threw the shroud in Plaintiff's face and said, "Get dressed fuckboy", which by Defendant Officer David Santiago's verbal assault on Plaintiff, inflicted intentional mental and emotional distress in violation of the State Tort laws of Florida.

## B.) CRUEL AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE
### GROUNDS FOR RELIEF
### CLAIM #1

5.) Plaintiff then put his shroud on and was once again handcuffed, and told to sit on the exam table. The positions of all the officers are important, as the treatment room is small, so it was crowded in there. Defendant Lieutenant Phillips was sitting on a stool to Plaintiff's left, Defendant Sgt. A. Rodriguez was standing on the left side of Plaintiff, Defendant Officer John Doe was standing on Plaintiff's right, Defendant Officer

9

Santiago was standing in front of Plaintiff, and Defendant Lieutenant John Doe was standing beside Defendant Lieutenant Phillips when Defendant Lieutenant John Doe said, "There are too many people in the hallway, they need to kick rocks so we can kick ass.". Whereupon Defendant Lieutenant Phillips got up and said, "I got this, just chill", and he crossed the room in front of Plaintiff, with his right hand balled into a fist, punched Plaintiff in the mouth, in direct violation of the United States Constitution's 8th Amendment right to protection against cruel + unusual punishment and use of unnecessary force. This punch split Plaintiff's lip and Defendant Lieutenant Phillips continued on to exit the room to clear the hallway of any potential witnesses to the malicious and sadistic acts that transpired thereafter.

6.) Upon information and belief these types of beatings are commonplace in the treatment room because all the people in the hallway vanished so they would not be witnesses to the malicious and sadistic acts of the Defendants.

7.) Upon information and belief, Defendants Lieutenant Phillips and Lieutenant John Doe have repeatedly engaged in the use of excessive force against inmates in an unnecessary and wanton manner.

## C.) CRUEL AND UNUSUAL PUNISHMENT

### GROUNDS FOR RELIEF
### INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS, DELIBERATE INDIFFERENCE
### CLAIM #2

8.) Next Defendant Lieutenant John Doe also crossed in front of Plaintiff from left to right on his way out the door, but stopped and hit Plaintiff with his left fist on or about the right eye which instantly swelled shut and knocked Plaintiff down on the exam table in direct violation of Plaintiff's 8th Amendment righ to protection against cruel and

unsusal punishment and use of unnecessary force. Plaintiff sat up and looked Defendant Lieutenant John Doe who was holding up his left hand and said, "That was my left fuckboy, you lucky it wasn't my right", in a taunting and deriding manner which constitutes the State Tort of intentional infliction of mental and emotional distress in violation of the laws of the State of Florida. Then Defendant Officer David Santiago said, "Nice left", referring to the punch by Defendant Lieutenant John Doe. Plaintiff noticed that Defendant Lieutenant John Doe was wearing a black wedding band on his ring finger before he left the room. He is short with blondish hair. Defendant Lieutenant John Doe's failure to prevent this unnecessary abuse and use of force while knowing Plaintiff was at risk of serious imminent harm having the authority to order the abuse to stop constitutes a violation of the 8th Amendment protection from deliberate indifference.

9.) Whereupon the brutal and malicious mauling began. Once again Plaintiff was not combative, aggressive, nor breaking any prison rules when he was maliciously and sadistically attacked with evil intent and specifically to cause harm.

## D.) CRUEL AND UNUSUAL PUNISHMENT
### AND DELIBERATE INDIFFERENCE
#### GROUNDS FOR RELIEF
##### CLAIMS # 3 + 4

10.) Defendants Sgt. Alfredo Rodriguez and Officer John Doe began puching Plaintiff in direct violation of the 8th Amendment of the U.S. Constitution which provides for the protection against cruel and unusual punishment and excessive use of force. Defendant Sgt. Alfredo Rodriguez hit Plaintiff on the left side of his face, and Defendant Officer John Doe hit Plaintiff on the right side of his face. The willful and reckless disregard for Plaintiff's 8th Amendment right to protection against excessive use

of force and cruel and unusual punishment entitles Plaintiff to relief under 42 U.S.C. §1983. These Defendants acted with malicious intent and with the sole purpose of causing harm and not for any other penological reasoning.

11.) Plaintiff was then ordered to stand up, and was jerked to his feet by Defendants Sgt. Alfredo Rodriguez and Officer John Doe, and literally slammed to the floor by being tripped (remember Plaintiff was fully restrained in handcuffs and shackles) face first. Defendants Sgt. Alfredo Rodriguez and Officer John Doe then began punching and kneeing Plaintiff in the torso and back. All Plaintiff could do was tense up and endure the mauling that followed.

## E.) CRUEL AND UNUSUAL PUNISHMENT
### GROUNDS FOR RELIEF
### CLAIM #5

12.) Defendant Officer Santiago then grabbed Plaintiff by the head and slammed his face into the concrete floor causing the laceration over Plaintiff's left eye, in direct violation of the United States Constitution's 8th Amendment protection against cruel and unusual punishment and excessive use of force. Defendant Sgt. Alfredo Rodriguez dropped his knee into Plaintiff's left side breaking his rib. Defendant Officer John Doe was punching Plaintiff in his torso and back. Defendants Sgt. Alfredo Rodriguez and Officer John Doe continued to hold Plaintiff down on the floor while Plaintiff at no time ever got aggressive or broke any prison rules.

13.) Defendant Officer Santiago then walked behind Plaintiff and kicked him between the legs in the testicles and left abraisions on the inside of Plaintiff's thighs. This kick hurt Plaintiff bad, and then Defendant Officer Santiago said, "That's so you don't procreate fuckboy".

12

14.) Finally the beating stopped and Plaintiff was just being held down on the floor, bleeding, in severe pain, and in fear for his life. Plaintiff was suffering both physically and mentally due to the malicious and sadistic actions perpetrated by the Defendants.

15.) After several minutes went by Defendants Sgt. Alfredo Rodriguez and Officer John Doe jerked Plaintiff to his feet, and Defendant Officer Santiago wiped the blood off Plaintiff's face half-heartedly as Defendant Nurse Jane Doe entered the treatment room. Defendant Lieutenant Phillips also entered with her. Upon information and belief Defendants Nurse Jane Doe and Lieutenant Phillips were conveniently detained while Plaintiff was being maliciously and sadistically beaten without need or provocation and knew these illegal acts were being committed.

## F.) DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
### AND MEDICAL NEGLIGENCE
#### GROUNDS FOR RELIEF
#### CLAIM #6 + 7

16.) Defendant Nurse Jane Doe ordered Plaintiff to sit on the exam table and proceeded to clean the blood off of Plaintiff's face and placed a simple band-aid or steristrip on the 1 ½ inch gash over Plaintiff's left eye when it needed stitches. She then documented in Plaintiff's medical chart, "No injuries noted", which is a direct violation of Chapter 33-208.002(12 + 19) F.A.C. Falsifying records or documents is cause for written reprimand, suspension, demotion, or dismissal for first offense per Chapter 33-208 F.A.C.

17.) Defendant Nurse Jane Doe then stated, "OK he's done, he can go". Defendant Nurse Jane Doe acted with deliberate indifference to Plaintiff's serious medical needs by her failure to fully examine him to acertain the severity of his injuries when they were readily and visually apparent to any lay person. Coupled with the visual evidence of blood, and Plaintiff's own statements to her about the pain he was suffering from, there was ample cause for Defendant Nurse Jane Doe to be aware of Plaintiff's need for medical treatment which she failed to provide contrary to the U.S. Constitution's 8th Amendment right to protection from cruel and unusual punishment and deliberate indifference to a serious medical need. Plaintiff was then taken back to his cell without any pain meds nor even an ice pack for the severe pain and swelling he was suffering from.

18.) The next morning Plaintiff was taken to see his Phychiatrist, Dr. Lechin. Upon seeing her she exclaimed in a shocked voice, "Oh my God, what happened?", and her expression was one of surprise, horror, and disgust, so the damage and injuries she was looking at apparently "shocked the conscience", and "departed from the standards of a maturing society". After our session, she told Plaintiff she was going to file an incident report with the administration. Plaintiff can't confirm this, but it should be made clear upon Discovery. Plaintiff was transferred to Dade C.I. on February 8th, 2019, and immediately upon arrival, photos were taken of Plaintiff's still visible injuries, and he wrote a statement saying his injuries were the result of getting beaten at Lake C.I. by five (5) prison guards.

## X. LEGAL CLAIMS
## ENTITLEMENT TO RELIEF

1.) Plaintiff re-alleges and incorporates by reference all the foregoing paragraphs.

14

2.) The use of excessive and unnecessary force by Defendants Lieutenant Nathan Phillips, Sgt. Alfredo Rodriguez, Officer David Santiago, Lieutenant John Doe, and Officer John Doe in beating Plaintiff while he was fully restrained in handcuffs and shackles, without need or provocation, in a malicious and sadistic manner, and not in a good faith effort to restore order and for no other legitimate penalogical reason except for the unnecessary and wanton infliction of pain, violated Plaintiff's rights and constituted cruel and unusual punishment under the 8th Amendment of the United States Constitution, and thus entitles Plaintiff to relief under 42 U.S.C. §1983.

3.) The wrongful acts and particular omissions of Defendants Mark Inch, Lieutenant Nathan Phillips, Lieutenant John Doe, and Sgt. Alfredo Rodriguez in failing to prevent the excessive and unnecessary use of force, which was without need or provocation, and of a sort repugnant to the conscience of mankind, were done and carried out in a malicious and sadistic manner for no legitimate penalogical interest other than for the unnecessary and wanton infliction of harm, and not in a good faith effort to restore order or discipline, and fell shockingly below the contemporary standards of a maturing society. These illegal acts against Plaintiff by the above named Defendants, during the performance of their offical duties constitutes deliberate indifference, a violation of the 8th Amendment of the U.S. Constitution, and the State Tort law of Negligence.

i.) As supervisors in all aspects of the word, the above-named Defendants acted under color of State law and failed in their duty to protect Plaintiff from the substantial risk of serious harm, as they knew their failure to prevent the malicious and sadistic mauling inflicted upon the Plaintiff would result in serious injury, thus proving a culpable state of mind.

ii.) As to especially Defendant Mark Inch, his omissions in failing to train, supervise, and instruct his employees on how to safely defuse any given situation

without the use of force when it is unnecessary, constitutes a violation of the 8th Amendment's protection against cruel and unusual punishment as well as deliberate indifference due to the fact that as Secretary of FL. D.O.C. knows of the widespread history of staff abuse throughout FL. D.O.C. yet has done nothing to eliminate this pattern of behavior. Defendant Mark Inch, as Secretary of FL. D.O.C. has knowledge of the countless grievances filed in regard to staff abuse, yet has done nothing to correct or eliminate this type of conduct and illegal behavior in FL. D.O.C. and is thus guilty of deliberate indifference and negligence in violation of the U.S. Constitution's 8th Amendment protection against such.

4.) The wrongful acts of Defendants Lieutenant Phillips, Lieutenant John Doe, Sgt. Alfredo Rodriguez, Officer David Santiago, and Officer John Doe in using unnecessary excessive force on Plaintiff in a malicious and sadistic manner without need or provocation in the unnecessary and wanton infliction of pain upon Plaintiff that served no legitimate penalogical purpose, and was not done in a good faith effort to restore or maintian order constitutes the State Tort laws of Assault + Battery.

5.) The intentional infliction of mental, emotional, and psychological distress that Plaintiff will continue to suffer from is a direct and proximate result of the cruel and unusual punishment inflicted upon him on January 29th, 2019, a day Plaintiff will never forget. This was an intentional act, and as such shows culpability by Defendants Phillips, Rodriguez, Santiago, Lieutenant John Doe, and Officer John Doe in their unauthorized use of excessive force upon the Plaintiff. Plaintiff will continue to be irreparably traumatized by the cowardly and wanton acts perpetrated by the above-named Defendants. The intentional infliction of mental, emotional, and psychological distress is a violation of the State Tort laws of Florida.

6.) The wrongful acts and omissions of Defendant Nurse Jane Doe in deliberately refusing Plaintiff medical treatment for his serious injuries and falsifying offical documents/medical records constitutes deliberate indifference and medical negligence in

violation of the 8th Amendment of the U.S. Constitution, and the State Tort laws of Florida.

7.) At all times mentioned herein, all of the above named Defendants acted under color of State law and knew their actions were illegal. The excessive force used on Plaintiff was in no way needed. It was done in a malicious and sadistic manner and served no legitimate penalogical purpose except to instill fear, paranoia, anxiety, and nightmares, and to directly cause harm and inflict pain. Plaintiff will be forever haunted by nightmares and paranoia as a direct and proximate result of this incident.

8.) Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the unneccessary and wanton acts committed by the Defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks as well as the compensatory and punitive damages such as a jury trial will render.

## XII. INJURIES

1.) The injuries Plaintiff sustained in this incident are a direct and proximate result of the use of excessive force by the above-named Defendants on January 29th, 2019, and were maliciously and sadistically caused by the Defendants wanton and reckless disregard for Plaintiff's rights. The injuries served no legitimate penalogical purpose and were not *de minimis*. Plaintiff will continue to suffer from and be irreparably injured due to the Defendants wrongful actions on January 29, 2019, a day Plaintiff will never forget.

2.) Plaintiff's injuries consisted of:

      A.) A broken rib (confirmed by X-Ray);

      B.) A 1 ½ inch gash/laceration over his left eye;

      C.) Severe bruising and swelling of his right eye due to possible fractures in

the orbital floor of the right eye, also idenified by X-Ray;

D.) Severe bruising and abrasions to both knees;

E.) A busted lip;

F.) Severe, debilitating pain in his testicles, and abrasions to the inside of his thighs;

G.) Nightmares, paranoia, anxiety, debilitating sleep loss, and mental and emotional distress.

3.) Plaintiff is permanently scarred physically, mentally, and emotionally due to the Defendants wrongful actions on January 29, 2019.

4.) While these injuries may not seem to the Court to rise to the level of "serious medical need", Plaintiff would like to point out that the pain involved with any broken rib severely limits one's range of daily activities. Just taking a breath is extremely painful. The pain is constant and long term as it takes several months for a broken rib to heal completely. The denial of pain medication by the Defendant Nurse Jane Doe created an unquestionable and undeniable level of discomfort and unavoidable pain, that directly and proximately, resulted in a severe decrease in Plaintiff's daily activities and an unnecessary and wanton infliction of pain that should have been negated by the administration of pain meds.

5.) The laceration above Plaintiff's left eye left a permanent scar that will forever remind Plaintiff of the malicious and sadistic actions of the Defendants in the unnecessary and wanton infliction of pain upon the Plaintiff.

6.) Plaintiff's right eye was swollen shut as a direct and proximate result of Defendant Lieutenant John Doe's "left hand" punch, and he could not see out of his right eye for a week. The pain associated with this injury was significant and real, and lasted for weeks until the eye healed.

7.) The excruciating pain Plaintiff experienced in his testicles should need no explanation to the Court.

8.) The mental, emotional, and psychological injuries Plaintiff continues to suffer from are actually getting worse. Nightmares plague Plaintiff every night. Plaintiff awakes in cold sweats, with labored breathing and tremors. As a direct and proximate result of the wrongful acts of the Defendants, Plaintiff suffers from extreme paranoia of all D.O.C. staff, now coupled with extreme anxiety and severe tension. The level of fear is palpable and real. Plaintiff will never be able to trust any D.O.C. employee again.

9.) When Plaintiff sees his psychologist they ask him how long he sleeps. The answer is always "very little, at most on a good night, maybe 2 or 3 hours". Sleep loss is a direct and proximate result of the nightmares and bad dreams of that beating Plaintiff received on January 29, 2019. Sleep is a necessary part of anyones life to help us function normally. Plaintiff's "normal" prison life has been irreparably damaged by the malicious and sadistic acts of the Defendants.

## XIII. PRAYER + RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter a judgement granting Plaintff the following relief:

1.) A declaration that the acts and omissions described herein violated Plaintiff's rights under the U.S. Constitution and laws of the United States and the State of Florida Tort laws.

2.) A preliminary and permanent injunction ordering Defendants Mark Inch, Lieutenant Phillips, Lieutenant John Doe, and Sgt. Alfredo Rodriguez to stop allowing the guard brutality, abuse, and cruel and unusual punishment of defenseless inmates to occur under their watch.

3.) A further preliminary and permanent injuction ordering Defendant Nurse Jane

Doe to stop aiding and abetting illegal beatings in the performance of her official duties.

4.) Yet still another preliminary and permanent injuction ordering Defendant Mark Inch to install fixed position video cameras in each and every doctors office or medical treatment room to capture any illegal acts committed therein.

5.) Compensatory damages in the amount of $75,000.00  against each Defendant jointly, and severally.

6.) Punitive damages in the amount of $75,000.00 against each Defendant jointly, and severally.

7.) A jury trial on all issues triable by jury.

8.) Plaintiff's costs in this case, including but not limited to all Court costs, filing fees, lawyer fees, liens, and also preventing FL. D.O.C. from placing a lien on Plaintiff's account for room and board.

9.) Any additional relief this Court deems just, proper, and equitable.

## XIV. VERIFICATIONS

I, Samuel W. Drinkard have read the foregoing document and hereby VERIFY and CERTIFY that the matters alleged herein are true and correct, except as to the matters alleged on information and belief, and as to those, I believe them to be true. I do hereby CERTIFY under the penalty of perjury that the foregoing document is true and correct so help me God.

Executed at Suwannee C.I.,
On 10/26/22 , 2022.

S/ _____

Samuel W. Drinkard
DC# S13683

Respectfully submitted,

S/ _____

Samuel W. Drinkard
DC# S13683

## CERTIFICATE OF SERVICE

I, Samuel W. Drinkard, Plaintiff, *pro se*, in the instant case, do HEREBY CERTIFY that a true and correct copy of the foregoing document was placed into the hands of a prison official for mailing via U.S. Mail to: Office of the Clerk, U.S. District Courthouse, 207 NW 2nd St., Room 337, Ocala, FL 34475-6666; Robert B. Buchanan P.A., 1900 SE 18th St., Ste. 300, Ocala, FL 34415-8237; and Ivy Pereira Rollins, Office of the Attorney General, Civil Litigation Division, Concourse Center IV, 3507 East Frontage Rd., Ste. 150, Tampa, FL 33607.  On this 26th day of October, 2022.

Respectfully submitted,

S/ _____

Samuel W. Drinkard
DC# S13683
Suwannee C.I.
5964 U.S Highway 90
Live Oak, FL 32060