UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMUEL W. DRINKARD,

    Plaintiff,

v.                                          Case No.   5:21-cv-220-JLB-PRL

NATHAN PHILLIPS, JOHN DOE,
ALFREDO RODRIGUEZ, DAVID
SANTIAGO, and JOHN DOE,

    Defendants.
_____/

## ORDER

On April 20, 2021, Plaintiff Samuel W. Drinkard ("Plaintiff"), a prisoner of the Florida Department of Corrections ("FDOC") proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging that several prison officials at the Lake Correctional Institution ("Lake C.I.") used excessive force against him.  (Doc. 1.)   He filed an amended complaint on October 31, 2022.   (Doc. 69.)   Currently before the Court are three separate, but substantially identical, motions to dismiss filed by Defendants Alfredo Rodriguez, David Santiago, and Nathan Phillips.   (Doc. 77; Doc. 78; Doc. 79.)   Plaintiff has responded to the motions (Doc. 86), and they are ripe for review.

After careful review, the Court grants in part and denies in part the defendants' motions to dismiss.   As explained below, Plaintiff's official-capacity claims and all state-law tort claims are dismissed as barred by Eleventh Amendment immunity or for failure to state a claim on which relief may be granted (or both).   Finally, the Court *sua sponte* dismisses the claims against the John Doe

defendants because the statute of limitations on the claims against these defendants has expired.

## I. Pleadings

### A. Amended Complaint[1]

The relevant facts alleged in Plaintiff's amended complaint are taken as true for the purpose of this motion and are as follows: On January 29, 2019, during an inspection of the units, the "Major ordered Plaintiff's SHOS [self-harm observation status] blanket and mattress replaced." (Doc. 69 at 8.) Plaintiff became apprehensive because, two days before, he had been sprayed with chemical agents. Plaintiff's anxiety led him to ingest paint flakes and caulk from the walls and windows. (Id.) He was taken to a treatment room on the second floor due to his ingestion of the paint and caulk. (Id.)

Plaintiff sat on the exam table in a small treatment room with five officers. (Doc. 69 at 9.) Defendant Lieutenant John Doe said, "There are too many people in the hallway, they need to kick rocks so we can kick ass." (Id. at 10.) Defendant Phillips said, "I got this, just chill," got up, hit Plaintiff in the mouth and left the room. (Id. at 10.) Defendant John Doe crossed in front of Plaintiff to leave the treatment room and hit Plaintiff with his left fist in the eye. (Id. at 8.) Plaintiff's eye swelled shut, and he was knocked down on the exam table. (Id. at 10.) Defendants Rodriguez and John Doe began punching him on both sides of his face.

---

[1] On October 16, 2023, this Court dismissed all claims against the Secretary of the Florida Department of Corrections and all of Plaintiff's medical deliberate indifference claims. (Doc. 90.) To the extent any factual allegations are directed only towards the dismissed defendants, they are not included in this Order.

(Id. at 11.)   Defendants Rodriguez and John Doe ordered Plaintiff to stand up, jerked him to his feet, tripped him, slammed him to the floor, and punched and kicked him in the torso.   (Id. at 12.)   Defendant Santiago slammed Plaintiff's face into the concrete floor, causing a laceration over Plaintiff's left eye.   (Id.)  Defendant Rodriguez "dropped his knee into Plaintiff's left side breaking Plaintiff's rib."   (Id.)   Defendants Rodriguez and John Doe held Plaintiff down to the floor while Defendant Santiago kicked him in the testicles.   (Id.)   "[A]fter several minutes went by" Plaintiff was jerked to his feet by Defendants Rodriguez and John Doe, the blood was wiped off of his face, and Defendant Nurse Jane Doe entered the treatment room with Defendant Phillips.   (Id. at 13.)

Nurse Jane Doe ordered Plaintiff to sit at the treatment table, cleaned the blood off, placed a bandage on Plaintiff's left eye and falsely documented that no injuries occurred.   (Doc. 69 at 13.)   Plaintiff was sent back to his cell with no ice pack or pain medications, despite suffering from severe pain and swelling.   (Id. at 14.)   Ten days later, on February 8, 2019, Plaintiff was transferred to Dade Correctional Institution, where photos were taken of his visible injuries.   (Id. at 14.)

Based on these allegations, Plaintiff alleges that the defendants used excessive force and failed to prevent others from using excessive force, violating his Eighth Amendment rights.   (Id. at 11–12.)   Plaintiff also sues the defendants for unspecified "state tort law violations."   (Id. at 6–7.)

Plaintiff claims he will "forever be haunted by nightmares and paranoia as a direct and proximate result of the incident."   (Doc. 69 at 13.)   He suffered a broken rib, laceration near his left eye, bruising and swelling around his right eye due to

3

possible fractures, bruising and abrasions to both knees, a "busted" lip, pain in his testicles, abrasions to his thighs, nightmares, anxiety, paranoia, sleep loss, and mental and emotional distress from the defendants' conduct. (Id. at 14.) He seeks both injunctive and monetary relief. (Id. at 19–20.)

### B. Motions to Dismiss

The three motions to dismiss are virtually identical and rely on the same facts and arguments. Accordingly, to avoid confusion, the Court will cite to only Defendant Rodriguez's motion to dismiss because it was the first one filed. (Doc. 77.) The defendants argue that: (1) all official-capacity claims against the named defendants are barred by Eleventh Amendment immunity; (2) the amended complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure; (3) Plaintiff has not stated a claim on which relief may be granted; (4) the defendants may not be sued for state-law torts under Florida Statute § 768.28(9); (5) Plaintiff did not comply with notice requirements under Florida law; (6) Plaintiff comingles allegations of negligent conduct with allegations of intentional conduct; (7) Plaintiff's claims for injunctive relief are moot; (8) Plaintiff did not exhaust all of his administrative remedies under 42 U.S.C. § 1997e before filing suit; and (9) Plaintiff's claims for punitive damages against the state are barred under Florida law. (Doc. 77 at 5–19.)

### II. Legal Standard

On a motion to dismiss, this Court accepts as true the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Further, this

Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court has explained that factual allegations must be more than speculative:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its decision in Twombly, set forth a two-pronged approach to motions to dismiss. First, a reviewing court must determine whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679. Evaluating a complaint under Rule 12(b)(6) is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

### III. Discussion

As an initial matter, the Court notes that Defendants Mark Inch (Secretary) and Nurse Jane Doe have already been dismissed from this case by separate order. (Doc. 90.) Therefore, this Court will not address any of the parties' arguments regarding Plaintiff's medical deliberate indifference claims or claims specifically addressed towards Defendant Inch or Defendant Nurse Jane Doe.

### A. Plaintiff has not stated an official-capacity claim against the defendants.

Plaintiff asserts that he sues each defendant in their official and individual capacities. (Doc. 69 at 2–3.) However, at the time of the activity at issue in this complaint, the defendants were employees of the Florida Department of Corrections ("FDOC"). A lawsuit against a state employee in his official capacity is a suit against the state. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Kentucky v. Graham, 473 U.S. 159, 165–166 (1985). And under the Eleventh Amendment, states and state agencies cannot be sued in federal court without consent. Pennhurst State School & Hosp. v. Halderman, 465 US. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought" and regardless of whether a plaintiff's claims are brought under federal or state law. Id. The FDOC is a state agency for Eleventh Amendment purposes. See, e.g., Walden v. Fla. Dep't of Corr., 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (noting that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes").

Neither Florida nor the FDOC has consented to suit in federal court or waived Florida's Eleventh Amendment immunity with respect to any of Plaintiff's

claims. Plaintiff appears to view Florida Statute § 768.28—which waives sovereign immunity for tort claims against state officials filed in state court—as permission to file his official-capacity claims in federal court. (Doc 86 at 11.) However, Florida's consent to be sued for tort claims in state court does not extend to constitutional claims in federal court. See Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990) (recognizing that the Eleventh Circuit "has held that section 768.28 does not waive Florida's Eleventh Amendment immunity"); Gamble v. Fla. Dep't of Health and Rehab. Servs., 779 F.2d 1509, 1515 (11th Cir. 1986) (finding that the waiver set forth in section 768.28 "does not constitute consent to suit in federal court under § 1983").[2]

Because the FDOC is entitled to Eleventh Amendment immunity from Plaintiff's claims, Plaintiff's official-capacity claims against Defendants Rodriguez, Santiago, and Phillips are dismissed without prejudice for failing to state a claim upon which relief may be granted. See Leonard v. Fla. Dep't of Corr., 232 F. App'x

---

[2] Nor do Plaintiff's requests for injunctive relief fall within the limited exception to Eleventh Amendment immunity for certain types of prospective injunctive relief described in Ex Parte Young, 209 U.S. 123 (1908). Plaintiff's only relevant request for prospective injunctive relief against these defendants is that the Court enter a permanent injunction to stop allowing their "brutality." (Doc. 69 at 19.) But Plaintiff has been transferred from Lake C.I., and there is no need to enjoin the behavior of any of the remaining defendants named in Plaintiff's lawsuit. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (recognizing that a prisoner's request for injunctive relief relating to the conditions of his confinement becomes moot when he is transferred). Moreover, it is clearly established that brutalizing prisoners is unconstitutional. Thus, an order prohibiting any prison official from doing so would serve little purpose, as it would amount to nothing more than an instruction to "obey the law," which is a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

7

892, 894 (11th Cir. 2007) ("The Department of Corrections is not amenable to suit because it has immunity under the Eleventh Amendment." (citing Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989))); Fed. R. Civ. P. 12(b)(6).[3]

### B. Plaintiff states only Eighth Amendment claims for excessive force and failure to intervene.

The defendants argue that Plaintiff's amended complaint should be dismissed under Rules 8 and 10 of the Federal Rules of Civil Procedure because it does not give them fair notice of the nature of the claims against them. (Doc. 77 at 7.) The defendants assert that "Plaintiff's 21-page Amended Complaint contains repetitive, superfluous, conclusory, confusing, and vague allegations laid out in such a disorganized and unintelligible fashion as to render the pleading a total morass to which [the defendants] cannot possibly respond in any meaningful way." (Id. at 8.) Indeed, the complaint is not a model of clarity, but this case has been pending for more than three years, and as explained below, Plaintiff—who is proceeding *pro se*—has alleged sufficient facts to state Eighth Amendment excessive force and failure-to-intervene claims against the three remaining defendants.

The core inquiry in an Eighth Amendment excessive force claim is whether force was applied in a "good faith effort to maintain or restore discipline" or "maliciously and sadistically" to cause harm. Whitley v. Albers, 475 U.S. 312, 320

---

[3] Because sovereign immunity under the Eleventh Amendment bars Plaintiff's claims, dismissal without prejudice is appropriate because the Court essentially lacks subject matter jurisdiction. See Stalley v Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

(1986). The following must be considered to answer that question: (1) the need for force; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted"; (4) "the threat to the safety of staff and inmates"; and (5) "any efforts made to temper the severity" of the force. Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007). A failure-to-intervene claim is also analyzed under the Eighth Amendment. Prison correctional officers may be held directly liable under section 1983 if they fail to intervene when a constitutional violation occurs in their presence, and they are in a position to intervene. Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998).

Plaintiff alleges that these defendants took him to a medical examination room, cleared the hallway to avoid interruption, and battered him for no reason. These allegations are sufficient to survive a motion to dismiss on his Eighth Amendment claims. The need for force, whether the force used was reasonable in the particular situation, and whether any defendant was in a position to intervene are fact-intensive considerations that are best left for the summary judgment or trial stages of litigation. Therefore, Plaintiff will be allowed to develop his Eighth Amendment claims against the remaining defendants.

However, although Plaintiff raises general claims of "state tort law violations," he does not separate or identify those claims sufficiently for the Court to conclude whether he has stated any state-law claim. (Doc. 69 at 6.) Without context, Plaintiff has not pleaded "factual content that allows the court to draw the reasonable inference that [any defendant] is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, Plaintiff does not provide enough detail to

9

even hypothesize a potential state law tort claim. And though the Court is required to liberally construe a *pro se* complaint, neither the Court nor the defendants is required to read between the lines to <u>create</u> a claim on Plaintiff's behalf. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted). Therefore, Plaintiff's bare bones allegations of "state tort law violations" are insufficient to state a claim on which relief can be granted, and Plaintiff's state-law claims are dismissed from this action for failure to state a claim on which relief can be granted.

### C.  The defendants have not shown that Plaintiff failed to exhaust his claims.

The defendants generally assert, with no further development and without attaching supporting documents or referencing any portion of the record, that "Plaintiff failed to exhaust his administrative remedies prior to filing the instant suit and thus his claims must be dismissed for failure to exhaust." (Doc. 77 at 19.)[4]

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a section 1983 claim "until such administrative remedies as are available are exhausted." See Jones v.

---

[4] In his separate motion to dismiss, Defendant Inch attached documents and a list of Plaintiff's grievances to support his argument that Plaintiff had not exhausted his claims against <u>him</u>. (Doc. 80.) However, Defendant Inch did not argue that Plaintiff did not exhaust his claims against the officers directly involved with the alleged beating. The Court granted Defendant Inch's motion to dismiss for failure to exhaust on the ground that the content of Plaintiff's emergency grievance did not adequately alert <u>Defendant Inch</u> to the claim. (Doc. 90.) However, because it was not required to do so, the Court made no finding that Plaintiff had exhausted his claims against any other defendant.

Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). To determine whether a complaint should be dismissed for failure to exhaust administrative remedies, the Court first considers the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court must accept, for purposes of the motion, the plaintiff's version of the facts as true. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. Id. If the court determines that the complaint is not subject to dismissal at step one, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id.

Although the defendants claim that Plaintiff did not exhaust the claims raised in the complaint, they offer nothing to support the allegation. Plaintiff alleges that he exhausted the excessive force claim by filing an emergency grievance with the Florida Department of Corrections. (Doc. 86 at 2–3.) The defendants do not dispute Plaintiff's allegation and they do not provide any evidence showing that Plaintiff did not exhaust the excessive force claims raised in his amended complaint. Therefore, without any disputed facts, the Court must conclude that Plaintiff exhausted his excessive force claims against the defendants.

11

### D. The Court sua sponte dismisses the John Doe defendants from this action.

When Plaintiff filed this action on April 20, 2021, he named three "John Doe" defendants. (Doc. 1.) On June 30, 2022, the Court ordered limited discovery so that Plaintiff could seek to identify them. (Doc. 55.) Thereafter, Plaintiff filed an amended complaint, that still named three Doe defendants. (Doc. 69.) Defendant Nurse Jane Doe has already been dismissed from this action for Plaintiff's failure to exhaust his claims against her. (Doc. 90.)

In Florida, 42 U.S.C. § 1983 claims are subject to a four-year statute of limitations. See Fla Stat. §§ 95.11(3)(a), 95.11(3)(o), 95.11(3)(a) (establishing four-year statutes of limitation for actions found on negligence or intentional torts and for personal injury). Plaintiff alleges that he was beaten by the defendants on January 29, 2019. Accordingly, Plaintiff had through January 29, 2023 to amend his complaint to name the Doe defendants, and he has not done so. Plaintiff cannot now amend his complaint to supply the identity of the John Doe defendants because the statute of limitations has expired, and such an amendment would not relate back to the filing of his original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. See Wayne v. Jarvix, 197 F.3d 1098, 1103 (11th Cir. 1999) (a pro se inmate's amendment to a section 1983 complaint, to replace a "John Doe" deputy sheriffs with named defendants constitutes a change in the parties sued and does not relate back to the original complaint) (overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003)). Accordingly, the Court dismisses Plaintiff's John Doe defendants from this action.

## IV.  Conclusion

Accordingly, it is hereby **ORDERED**:

1. The motions to dismiss filed by Defendants Alfredo Rodriguez, David Santiago, and Nathan Phillips (Doc. 77; Doc. 78; Doc. 79) are **GRANTED in part and DENIED** in part.

    a. Each motion is **GRANTED** as to Plaintiff's official-capacity claims and to Plaintiff's state-law tort claims.

    b. Each motion is **DENIED** as to Plaintiff's Eighth Amendment individual-capacity excessive force and failure-to-intervene claims.

2. The Court sua sponte dismisses the John Doe defendants from this action because any claims raised against them in a second amended complaint would be barred by the statute of limitations.

3. The defendants shall answer Plaintiff's amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order.

**DONE AND ORDERED** on this 15th day of November 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   FTMP-2
Copies:   Samuel Drinkard, pro se, counsel of record