UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMUEL W. DRINKARD,

    Plaintiff,

v.                                                                                          Case No: 5:21-cv-220-JLB-PRL

NATHAN PHILLIPS, ALFREDO
RODRIGUEZ and DAVID
SANTIAGO,

    Defendants.

## ORDER

Plaintiff, *pro se,* initiated this case by filing a Civil Rights complaint. Pending before the Court is Plaintiff's Motion for appointment of counsel. (Doc. 105). While a plaintiff in a civil case has no constitutional right to counsel, "a court may request an attorney to represent any person unable to afford counsel," subject to the Court's discretion. 28 U.S.C §1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312 (11th Cir. 1999). Here, in light of the Court's discretion to seek counsel, it will make efforts to secure representation for Plaintiff. Plaintiff's motion (Doc. 105) is **GRANTED**, but only to the extent described in this Order.

It is hereby requested that a designated **Deputy Clerk of this Court** make efforts to seek counsel to represent Plaintiff from available sources of attorneys interested in handling *pro bono* opportunities. The **Deputy Clerk** is directed to contact any of our local bar associations[1] to discuss the possibility of posting the request to assist this *pro se* litigant. The

---

[1] These include, but are not limited to: the Marion County Bar Association; Sumter County Bar Association; Citrus County Bar Association; Lake County Bar Association; Alachua County Bar Association; Federal Bar Association (North Central Florida, Orlando, and Tampa Bay chapters); and Florida Institutional Legal Services.

correspondence shall include the case number, a copy of this order, and the following brief factual summary:

> Plaintiff alleges that on January 29, 2019, while incarcerated at Lake Correctional Institution, he was beaten by five correctional officers while fully restrained in handcuffs and shackles. Plaintiff alleges that he suffered a broken rib, possible fractures to the ocular bones or ocular orbital floor in his right eye, a 1.5 inch laceration above his left eye, an injured lip, and severe bruising and abrasions to his knees and thighs. This case has proceeded through the motion to dismiss stage, and only excessive force and failure-to-protect claims against three named defendants remain.

The correspondence should also state that pursuant to the Ocala Division Civil Pro Bono Appointment Program, the appointed attorney is permitted to be reimbursed for certain costs incurred during the representation. Information regarding allowable costs and the procedure for obtaining reimbursement is available on the Court's website, www.flmd.uscourts.gov.

The **Deputy Clerk** shall note on the docket which bar associations were contacted, by what means, and on what date. The correspondence should be sent no **later than FIVE BUSINESS DAYS from the date of this Order**.

If counsel wishes to represent Plaintiff, he or she should contact the Deputy Clerk to notify them of his or her intent **within 30 DAYS of the date of this Order**, and the Deputy Clerk will notify the undersigned. Upon consent of the Plaintiff, the appointed counsel shall enter of notice of appearance. If no counsel enters an appearance on behalf of Plaintiff within 60 days of the date of this Order, the case will proceed without counsel for Plaintiff.

Plaintiff must be aware that there is no guarantee that an attorney will agree to take his case and represent him. Accordingly, he should continue with the discovery process and comply with all deadlines set forth in the Court's case management and scheduling orders. (Doc. 97; Doc. 105).

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida on June 27, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:   *Pro Se* Plaintiff
             Deputy Clerk