UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMUEL W. DRINKARD,

    Plaintiff,

v.

NATHAN PHILLIPS, *et al.*,

    Defendants.

Case No. 5:21-cv-220-JLB-PRL

**Plaintiff's Unopposed Motion to Modify Scheduling Order**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiff Samuel W. Drinkard files this motion to modify the Scheduling Order (Docs. 97 & 104) to extend the remaining deadlines by 90 days. This motion is unopposed.

## I.    BACKGROUND

This is a lawsuit brought by Mr. Drinkard, a state prisoner, concerning claimed violations of the Eighth Amendment. (*See, generally*, Doc. 69). On June 12, 2024, Mr. Drinkard sought appointment of counsel, which the Court granted. (Docs. 105 & 106). The undersigned agreed to represent Mr. Drinkard. (Doc. 107).

Since the undersigned's appearance, he has worked diligently to understand what discovery has transpired in this case. He has been in touch with

defense counsel and understands that only Mr. Drinkard has been deposed in this case. The undersigned also understands that Defendants intend to take a Rule 30(b)(6) deposition of the Florida Department of Corrections (FDOC) and that they have not received all the documents and records they require from FDOC to defend this case. At present, the undersigned possesses no documents or records that could assist Mr. Drinkard in prosecuting this case. Since appearing this week, the undersigned has given notice to defense that Mr. Drinkard will promptly serve a circulated Rule 45 subpoena to FDOC to obtain records necessary to prosecute this case. In addition, Mr. Drinkard will necessarily need to depose the defendants in this case.

    Given the press of the undersigned's schedule, the nature of slow communication with incarcerated clients, and the need to provide FDOC with time to respond to the subpoena (including the anticipated negotiation of a protective order), there is no way that Mr. Drinkard can complete discovery by August 5, 2024. (Doc. 104). Although the Court has cautioned the parties that no further extensions would be granted absent extraordinary circumstances, the undersigned requests that the Court provide one final extension of the deadlines

to complete discovery so that Mr. Drinkard, now with the benefit of counsel, can fully develop his case.

## II.     MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

Here, Mr. Drinkard is a state prisoner with limited resources and understanding of the legal system and federal courts. Now with the benefit of

counsel, he anticipates diligently and efficiently completing discovery within 90 days. If the schedule is not modified, however, he would suffer real prejudice by not being able to adequately complete discovery in this case. Accordingly, Mr. Drinkard seeks the following modification of deadlines:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Deadline | August 5, 2024 | November 4, 2024 |
| Meet and Confer Deadline | August 19, 2024 | November 18, 2024 |
| Report Regarding Settlement | September 2, 2024 | December 2, 2024 |
| Dispositive Motions | September 16, 2024 | December 16, 2024 |

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Samuel Drinkard respectfully requests that the Court grant this motion and enter an order amending the Scheduling Order to modify the deadlines as set forth in the above table.

### Certificate of Good-Faith Conference

I hereby certify that I conferred with counsel for Defendants. Defendants do not oppose the relief requested herein.

Dated: July 11, 2024

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (305) 523-9023

*Counsel for Plaintiff*